IN RE: AIR CRASH NEAR CLARENCE CENTER,                    **DECISION AND ORDER**
NEW YORK, ON FEBRUARY 12, 2009,                                    09-md-2085

                                                                    This document relates to:
                                                                              ALL CASES

## I.  INTRODUCTION

Presently before this Court is Plaintiffs' Joint Motion to Compel production of the

cockpit voice recorder audio recording from Continental Connection Flight 3407.  (Docket

No. 286.)  Defendants Bombardier Aerospace Corporation and Bombardier, Inc. join

Plaintiffs' motion.  (Docket No. 294.)  Defendants Colgan Air, Inc. and Pinnacle Airlines

Corp. oppose it.[1]  (Docket No. 311.)

Having reviewed the cockpit voice recorder audio recording *in camera*, this Court

finds that discovery of the recording is necessary to allow for a fair trial.  Plaintiffs' motion

is therefore granted.  The audio recording will be made available to the parties under the

terms of a protective order.

## II.  BACKGROUND

Plaintiffs filed their Motion to Compel on March 23, 2010.  They maintain that

without access to the recording, they will be denied a fair trial, because the written

transcript of the recording is incomplete and inaccurate.  Plaintiffs further argue that the

recording contains evidence relevant to pre-impact terror, conscious pain and suffering, the

pilots' attentiveness, the atmosphere in the cockpit, and situation awareness, none of

---

[1]The remaining defendant — Continental Airlines, Inc. —  has not taken a position on Plaintiffs' motion.

which can be assessed or judged through the written transcript. The Bombardier defendants add that the recording undoubtedly contains evidence relevant to two of their defenses: misuse of the aircraft and negligence of the Captain and First Officer.

Colgan maintains that production of the audio recording is not necessary because the written transcript is accurate and Plaintiffs have not demonstrated that production of the recording is required to ensure a fair trial. In Colgan's view, the written transcript sufficiently reflects the pilots' attentiveness and accurately conveys what occurred in the cockpit. Moreover, it argues that the recording itself is not relevant to the decedents' pre-impact terror because it is a cockpit recording, not a recording from the cabin. It further argues that the recording is not relevant to punitive damages because the personal discussions between the pilots — whether appropriate or not — are not indicative of "corporate culture" or a corporate policy. Finally, Colgan argues that even if the statutory requirements for production are met, the recording should not be disclosed on public policy grounds, because it invades the privacy right of the flight crew and their families and would serve only to sensationalize the allegations of pilot error, thus unfairly prejudicing the jury against the defendants.

### III. DISCUSSION

**A.  Legal Standard**

Discovery of a cockpit voice recorder audio recording is governed by 49 U.S.C. § 1154. Pursuant to § 1154 (a)(3), discovery of a recording is authorized if, after *in camera* review, the court decides that (1) the available transcript does not provide the moving party with sufficient information for that party to receive a fair trial, and (2) discovery of the

recording is necessary for the moving party to receive a fair trial.  Discovery of a non-public

recording can occur only under the terms of a protective order that, in the least, (1) limits

use of the recording to the judicial proceeding, and (2) prohibits dissemination of the

recording to any person that does not need access to it for the proceeding.  49 U.S.C. §

1154 (a)(4)(A).  Section 1154 is designed to "strike a balance between the privacy interests

of crew members and the need for full and fair investigations."  <u>Buschmann v. Little Rock</u>

<u>Nat'l Airport</u>, 222 F.R.D. 114, 116 (N.D.Tex. 2004) (citing Senate Report No. 101-450,

1990 U.S.C.C.A.N. 6376, 6381); <u>see also</u> <u>McCoy v. Southwest Airlines Co., Inc.</u>, 208

F.R.D. 617, 619 (C.D.Cal. 2002).

**B.     Analysis**

Having reviewed the audio recording *in camera*, this Court finds that Plaintiffs have

satisfied their burden of demonstrating that the written transcript is insufficient, and that

production of the recording is necessary to ensure that they receive a fair trial.

First, Plaintiffs correctly argue that the written transcript of the recording is

incomplete and may be inaccurate.  As it does in most air crash cases, the National

Transportation Safety Board ("NTSB") assembled a committee to listen to the cockpit voice

recorder audio recording and prepare a written transcript.  (Krzak Decl., Docket No. 287,

¶ 5.)  The committee created a written transcript of the recording and an addendum

thereto.  (Krzak Decl., Exhibits F, G.)

Inherent in the creation of the written transcript are collective determinations and

classifications of words, sounds, noises, and the like.  For example, the transcript contains

numerous characterizations of noises, designations of "non-pertinent" words, notations of

"expletives," not to mention several words that the committee could not decipher

("unintelligible").  Each of these determinations involves a judgment by the committee, which Plaintiffs are entitled to evaluate and examine with the benefit of their own experts.  See In Re Air Crash at Lexington, Kentucky, August 27, 2006, No. 5:06-CV-316-KSF, 2007 WL 4321865, at *2 (E.D.Ky. Dec. 6, 2007) (ordering the production of cockpit voice recorder recording, in part, because "the transcript was reached by group consensus, and an expert might disagree with the NTSB's interpretation."); McCoy, 208 F.R.D. at 620 (finding that the recording "is not complete and it does not reflect noises that might be meaningful to plaintiffs' experts").  This Court's own examination of the recording revealed several minor transcription errors, out-of-sequence notations, and editorial insertions that were not readily audible on the recording.  And as the Buschmann court noted, a "better trained ear" might discover other errors or omissions.  222 F.R.D. at 118.

Second, production of the recording is necessary because the written transcript does not and cannot reflect tone of voice, pitch, volume, or inflection, nor does it necessarily accurately reflect ambient and other noises pertinent to the aircraft's operation.  These attributes of the recording are relevant to Plaintiffs' claims and the Bombardier defendants' defenses, and fairness dictates that the parties be permitted to examine the raw recording.  As the court in Buschmann v. Little Rock Nat'l Airport noted,

> a transcript cannot reflect the true situational environment in the cockpit.  The tone of voice, pitch, and inflection of statements made by crew members, all of which may be relevant to their state of mind, emotional condition, and situational awareness, are completely absent on the printed page.  At a minimum, access to information on the CVR audio recording is reasonably calculated to lead to the discovery of admissible evidence.

222 F.R.D. 114, 117 (N.D.Tex. 2004) (internal citations omitted).  Discovery of the

4

recording is therefore necessary to ensure a fair trial.[2]  See In Re Air Crash at Lexington,

Kentucky, August 27, 2006, 2007 WL 4321865, at *2 (releasing recording where transcript

was incomplete with missing words and no ambient noise); McCoy, 208 F.R.D. at 620

(noting that written transcript of recording was insufficient because it did not reflect noises

that could be meaningful to plaintiffs' expert).

Third, the NTSB has concluded its investigation of this accident and issued its

probable cause determination.  (Krzak Decl., ¶¶ 7, 14, 29.)  Safeguarding the integrity of

the NTSB investigation and protecting against premature speculation regarding the cause

of the accident is therefore no longer a concern.  See McCoy, 208 F.R.D. at 620 (noting

that § 1154 was enacted to protect against premature public speculation regarding the

cause of airline crashes to allow for a full and fair investigation) (citing 1990 U.S.C.C.A.N.

at 6381); Buschmann, 222 F.R.D. at 117 (allowing discovery of the recording, in part,

because the NTSB investigation was concluded); In Re Air Crash at Lexington, Kentucky,

August 27, 2006, 2007 WL 4321865, at *2 (releasing recording, in part, because the NTSB

investigation was complete, thereby eliminating interference with the investigation as a

concern).

Finally, the Second Circuit has recognized the evidentiary importance of the audio

recording from a cockpit voice recorder, which is often the only piece of neutral evidence

in an air crash case.  In Re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24,

---

[2]Colgan argues that a written transcript can never relay tone of voice, inflection, accurate sounds of noises, etc., and therefore § 1154 is meaningless, because this rationale would support discovery in every case.  This argument was expressly rejected in Buschmann, where the court found that the relevancy principles of federal discovery protect wholesale production in every case.  222 F.R.D. at 117 ("If the flight crew's state of mind is irrelevant to the issues in the underlying case, production of the CVR audio recording is not necessary to ensure a fair trial.").

<u>1975</u>, 687 F.2d 626, 630 (2d Cir. 1982) ("The CVR tape is an important piece of evidence in an aircrash case."); <u>McCoy</u>, 208 F.R.D. at 620 (". . . the tape is one of the few neutral pieces of evidence available to plaintiffs to support their claims, and, as such, it is clearly relevant under Rule 26(b).").

## IV. CONCLUSION

This Court finds that Plaintiffs have established that the transcript of the cockpit voice recorder audio recording does not provide sufficient information to ensure a fair trial and that discovery of the audio recording is warranted pursuant to 49 U.S.C. § 1154 (a)(3). Copies of the recording shall be released to the parties following entry of an appropriate protective order. Entry of the protective order allays Colgan's concern for the privacy rights of the crew and their families and for the possibility of unfairly prejudicing the jury pool. See <u>In Re Air Crash at Lexington, Kentucky, August 27, 2006</u>, 2007 WL 4321865, at *2 (finding that "an appropriate protective order will protect the recording 'from sensationalism and unwarranted disclosure'") (citing <u>Buschmann</u>, 222 F.R.D. at 116).

## V. ORDERS

IT HEREBY IS ORDERED, that the CD-ROMs containing the downloaded audio files from Continental Connection Flight 3407's cockpit voice recorder that was provided to this Court for its *in camera* review shall be manually filed under seal.

FURTHER, that Plaintiffs' Joint Motion to Compel Production of Recording (Docket No. 286) is GRANTED.

FURTHER, that counsel for all parties are directed to confer and submit to this Court by email an appropriate protective order, consistent with 49 U.S.C. § 1154 (a)(4), by

Monday, October 25, 2010.

FURTHER, that following this Court's entry of the protective order, copies of the CD-ROMs containing the download from Continental Connection Flight 3407's cockpit voice recorder will be made available to the parties.

SO ORDERED.


Dated: October 19, 2010
       Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Judge