UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AIR CRASH NEAR CLARENCE CENTER, NEW YORK, ON FEBRUARY 12, 2009, | PROTECTIVE ORDER<br>09-md-2085<br><br>This document relates to:<br>ALL CASES |

**PROTECTIVE ORDER REGARDING
THE UNEDITED COCKPIT VOICE RECORDER AUDIO RECORDING**

On October 19, 2010, this Court entered an Order (Docket No. 446) granting the Plaintiffs' Joint Motion to Compel Production of the Cockpit Voice Recorder ("CVR") audio recording from Continental Connection Flight 3407 (Docket No. 286), and further ordering that the CVR recording be produced following entry of a Protective Order.

Pursuant to the parties' joint submission and the provisions of 49 U.S.C. § 1154(a)(4)(A)(i)(ii), which require entry of a protective order prohibiting dissemination of the CVR recording to any person not required access to it for the judicial proceedings in which it is produced, it hereby is ordered as follows:

IT HEREBY IS ORDERED, that the following previously downloaded CVR Recording files, which were provided to the Court on two CD's for *in-camera* review (hereinafter collectively referred to as "CVR Recording"), shall be produced in accordance with the provisions of this Protective Order:

**Disk 1**

CH1_OEM_30min_PA.wav             (Public Address)
CH2_OEM_30min_First Officer.wav  (First Officer)
CH3_OEM_30min_Captain.wav         (Captain)
CH4_OEM_30min_CAM.wav            (Cockpit Area Microphone)
CH_OEM_2hr_CAM.wav
CH_OEM_Mixed Crew.wav

**Disk 2**

Stereo_2hr_(L-mixed+R-CAM).wav

Stereo_30min_(L-Pilot+R-Copilot).wav

FURTHER, that one copy of the CVR Recording will be provided to each of the following:

a) Plaintiffs' Liaison Counsel (who shall be responsible for copying and dissemination of copies to Plaintiffs' counsel);

b) Counsel for the Defendant, Colgan Air, Inc.  c)   Counsel for the Defendant, Pinnacle Airlines Corp.;

d) Counsel for Bombardier Aerospace Corporation and Bombardier, Inc.; and

e) Counsel for Defendant, Continental Airlines, Inc.

f) Counsel for Defendant, FlightSafety International, Inc.

FURTHER, that the CVR Recording produced, and any copies or excerpts thereof, are to be used only in this proceeding.

FURTHER, that except as provided above, no counsel who receive a copy of the CVR Recording pursuant to discovery shall make additional copies of any part thereof, except that excerpts of the CVR and/or complete copies may be made for analytical use ("analytical excerpts"). Any such analytical excerpts shall be subject to the restrictions set forth herein for the CVR Recording.

FURTHER, that any party may create a transcript of the CVR Recording. All transcripts of the CVR Recording that contain content or references to content not part of the CVR transcript released by the National Transportation Safety Board ("NTSB") shall be treated as confidential and shall be subject to the copying, disclosure and handling procedures described herein as if such transcript were a copy of the CVR Recording.

FURTHER, that each party who receives a copy of the CVR Recording pursuant to this Order shall be subject to the following procedures and limitations:

    a. Each party shall preserve and maintain custody and control of the CVR Recording, any copy thereof, analytical excerpts, and CVR transcripts containing content or references to content not part of the CVR transcript released by the NTSB (collectively, "CVR Material"), subject to further orders of this Court.

    b. Only parties, their attorneys, paralegals, insurers, consultants, experts and/or employees, including administrative staff, who are directly involved in the preparation of this case for trial and whose access to the CVR Material is necessary to that preparation, shall have access to the CVR Material. Additionally, this Court, any designated court personnel, and any designated mediator or judge directly involved in the litigation shall be permitted to have access to the CVR Material. Additionally, upon the execution of a Non-Disclosure Agreement confirming his or her understanding and agreement to abide by the requirements of this Order (in the form attached and as described in paragraph 5(d), below), court reporting personnel, including any associated deposition and exhibit repository vendor, personnel, and videographers (if any) who are not court personnel shall be permitted to have access to CVR Material that are used during the course of this proceeding.

c. No individual who is allowed to access CVR Material shall disclose or comment upon the contents of said CVR Material that are not part of the CVR transcript previously released by the NTSB, except to other individuals described in paragraph 5(b), above.

d. With the exception of designated court personnel (not including any designated mediators), each individual who has access to CVR Material shall be given a copy of this Protective Order, which the individual shall review prior to accessing any CVR Material. ALL INDIVIDUALS WHO ACCESS CVR MATERIAL SHALL EXECUTE A NON-DISCLOSURE AGREEMENT IN THE FORM ATTACHED CONFIRMING HIS OR HER UNDERSTANDING AND AGREEMENT TO ABIDE BY THE REQUIREMENTS OF THIS PROTECTIVE ORDER. Counsel for the party who received a copy of the CVR Recording pursuant to this Order shall be responsible for obtaining and maintaining any such executed Non-Disclosure Agreements. Non-Disclosure Agreements shall not be subject to disclosure absent a showing of good cause and upon an Order of this Court.

e. If any CVR Material is marked as an exhibit to a deposition or used in a deposition in this matter, that exhibit shall be subject to the copying, disclosure, and handling procedures described herein as if it were CVR Material.

f. Those portions of any deposition transcript containing references to contents of the CVR Recording that are not a part of the CVR transcript released by the NTSB shall be treated as confidential and shall be subject to the copying, disclosure, and handling procedures described herein as if it were CVR Material.

g. If any CVR Material is filed with the court or used in a judicial proceeding, it shall be filed under seal pursuant to 49 U.S.C. § 1154(a)(4)(B) in order to prevent the use of the part of the CVR Recording for purposes other than for the proceeding.

h. At the conclusion of the litigation, counsel for each party shall return to counsel for Colgan Air, Inc./Pinnacle Airlines all copies of any CVR Material. No party, attorney, paralegal, insurer, consultant, expert, employee or staff member may retain a copy of any CVR Material. This Court's copies of any CVR Materials shall remain part of the record under seal until all litigation and appeals are completed. Upon request by Colgan Air, Inc./Pinnacle Airlines Corp. after that time, this Court's copies may be returned to Colgan Air, Inc./Pinnacle Airlines Corp.

i. This Protective Order may be modified by this Court should this litigation proceed to trial in order to permit the admission of CVR Materials into evidence, if so warranted and admissible, pursuant to 49 U.S.C. § 1154(a)(4)(B).

FURTHER, that any person violating the terms of this Protective Order shall be subject to appropriate sanctions, as may be determined by this Court.

SO ORDERED.

Dated: October 29, 2010
      Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              Chief Judge
                                              United States District Court

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE: AIR CRASH NEAR CLARENCE CENTER,
NEW YORK, ON FEBRUARY 12, 2009,                           09-md-2085


**CERTIFICATION REGARDING RECEIPT AND REVIEW OF PROTECTIVE ORDER
RELATING TO THE UNEDITED COCKPIT VOICE RECORDER AUDIO RECORDING
OF CONTINENTAL FLIGHT 3407 ON FEBRUARY 12, 2009**


      I hereby acknowledge that I have read the terms and conditions of the Protective Order Regarding The Unedited Cockpit Voice Recorder Audio Recording of Continental Flight 3407 on February 12, 2009 (hereinafter "CVR Recording Protective Order") entered by the Court in the above-captioned matter on October __, 2010. I also acknowledge that I understand the terms of the CVR Recording Protective Order and consent to be bound by those terms. Further, by executing this Certification, I hereby consent to the jurisdiction of the above-captioned Court for the limited purpose of enforcing the terms of the CVR Recording Protective Order.

      I understand that if I violate the CVR Recording Protective Order, I may be subject to a motion for contempt, or any other remedies available.


      Dated this ___ day of _____, _____.


      _____
                                            Signature